**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELDER ESTUARDO GUERRA SANDOVAL,<br><br>               Petitioner,<br><br>      v.<br><br>JOHN TSOUKARIS, et al.,<br><br>               Respondents. | Civil Action No. 26-1088 (JXN)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Elder Estuardo Guerra Sandoval's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (Habeas Pet., ECF No. 1.) Petitioner filed a letter in support of his Petition (Letter in Support, ECF No. 11) and Respondents ("Government") filed an opposition to the Petition (Gov't Opp'n, ECF No. 15). The Court considered the parties' submissions in support of and opposition to the Petition and decides the motions without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **DENIED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a native of Guatemala, unlawfully entered the United States on an unknown date. (*See generally* Letter in Support; Gov't Opp'n.) On August 15, 2013, Petitioner encountered

a United States border patrol agent. (First Record of Deportable Alien at *2,[1] ECF No. 15-1.) It was determined that Petitioner "had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security ("DHS")." (*Id.*) Petitioner "admitted to illegally crossing the international boundary without being inspected" and did not "claim a fear of persecution or torture if returned to [his] country of citizenship." (*Id.* at *2–3.) On the same day, a Notice and Order of Expedited Removal was issued, along with a Notice to Alien Ordered Removed/Departure Verification. (Notice & Order of Expedited Removal, ECF No. 15-2; Notice to Alien, ECF No. 15-3.) Petitioner was removed from the United States on August 21, 2013. (Notice to Alien at *1.)

Petitioner reentered the United States and on March 23, 2019, and again encountered a United States border patrol agent. (Second Record of Deportable Alien at *2, ECF No. 15-4.) It was again determined that Petitioner "had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the [DHS]." (*Id.*) Petitioner admitted to illegally entering the United States and did not claim a fear of returning to his country. (*Id.*) Petitioner was processed for reinstatement of a prior order of removal. (*Id.* at *2–3.) He was served with Forms I-871, I-294, and I-205. (*Id.* at *3; Warrant of Removal, ECF No. 15-5; Warning to Alien, ECF No. 15-6.) On March 29, 2019, Petitioner was again removed from the United States. (ECF No. 15-5 at 2.)

On January 29, 2026, Immigration Customs and Enforcement's ("ICE") Enforcement and Removal Operation ("ERO") Newark agents encountered Petitioner during what the Government refers to as "a targeted enforcement operation." (Gov't Opp'n at 2.) Petitioner admitted that he re-entered the United States without permission. (Third Record of Deportable Alien at *2, ECF No.

---

[1] Pincites preceded by an asterisk (*) use ECF pagination.

15-7.) On the same day, Petitioner was arrested pursuant to a Warrant of Removal/Deportation, Form I-205. (*Id.*; Second Warrant of Removal, ECF No. 15-9.) Petitioner was processed as a reinstatement of removal and served with a Warning to Alien Ordered Removed or Deported. (Third Record of Deportable Alien at \*2; Second Warrant of Removal.) Petitioner remains detained pursuant to his reinstated final order of removal.

On February 3, 2026, Petitioner filed the instant Petition arguing, among other things, that the Government may not detain him under 8 U.S.C. § 1225(b), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* Habeas Pet.) Following an extension of time, Petitioner filed a letter in support of the Petition and clarifying Petitioner's immigration history. (Letter in Support.) On March 26, 2026, Respondents filed a letter response. (Gov't Opp'n.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DISCUSSION

In his letter in support of the Petition, Petitioner argues that he is unlawfully detained pursuant to 8 U.S.C. § 1231(a). (*See generally* Letter in Support.) Petitioner argues, among other things, that (1) his 2013 final order of removal was procedurally defective; (2) the 2026

reinstatement of his initial final order of removal is invalid because it was reinstated without Petitioner's administrative file to determine he had a prior order of removal; (3) DHS lacks proof that Petitioner reentered illegally after a prior removal; and (4) Petitioner's unlawful stop violated his Fourth Amendment rights. (*Id.*) The Court disagrees.

Petitioner has a reinstated final order of removal. The record shows that (1) on August 15, 2013, Petitioner was issued a Notice and Order of Expedited Removal; (2) on August 21, 2013, he was removed from the United States; and (3) he unlawfully reentered the United States at some point.

Based on the above, ICE reinstated Petitioner's final order of removal on January 29, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody.").

Petitioner was taken into custody on January 29, 2026. As a result, Petitioner's been in custody past the 90-day removal period.

In *Zadvydas*, the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention). Petitioner's detention—measured from January 29, 2026—falls far short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto*, No. 26-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

Additionally, this Court lacks jurisdiction to consider whether Petitioner's detention is impermissible because of inadequacies with his 2013 final order of removal and his current reinstated final order of removal and whether he is entitled to suppression of statements made after his stop by immigration officials. This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

5

"A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75. Petitioner's claims of wrongful detention depend on whether he may be removed from the United States, which is a question that can be answered in a petition for review.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before the Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274. Therefore, the Court lacks jurisdiction over these claims pursuant to §§ 1252(a)(5) and (b)(9).

Moreover, assuming *arguendo* that the Court has jurisdiction to consider Petitioner's challenges to the alleged procedural defects in his 2013 final order of removal and 2026 reinstated order of removal and whether he is entitled to suppression of evidence, Petitioner's claims are without merit. First, Petitioner argues that the 2013 final order of removal was procedurally defective, as it lacked the required signatures and certifications. (Letter in Support at *2–3.) This argument fails because the record plainly shows that the August 15, 2013 Notice and Order of Expedited Removal, I-860 Form was signed by an immigration officer, a supervisor and contains a signed certificate of service. (Notice to Alien at *2.)

Second, Petitioner argues that the 2026 reinstatement of his previous final order of removal is invalid because 8 C.F.R. § 241.8(a) requires that before reinstating a prior order of removal, immigration officers must determine (1) the existence of a prior removal order, (2) the identity of

the alien, and (3) that the alien illegally reentered the United States after removal. (Letter in Support at *3.) Petitioner argues that because the Form I-213 indicated that immigration "history was expected but not provided," the officers lacked the administrative record to verify a prior order existed and that Petitioner was the person subject to it. (*Id.*) Again, the record belies Petitioner's argument. The Form I-213 clearly lays out Petitioner's immigration history, including the dates of Petitioner's two previous arrests, issuance of orders of removal, and removals. (*See* Third Record of Deportable Alien at *2.) There is nothing in the record to indicate that officers did not comply with 8 C.F.R. § 241.8(a).

Third, Petitioner argues that DHS failed to establish that Petitioner illegally reentered the country because his 2026 immigration reports indicates that Petitioner reentered the United States on an "unknown date" and at an "unknown location." (Letter in Support at *4.) This argument fails. Petitioner was previously removed from this country and was recently detained within this country without having lawfully entered the country.

Finally, Petitioner argues that Respondents have not identified any warrant, investigation, or individualized suspicion connecting Petitioner to the targeted enforcement operation, instead Petitioner was stopped without any articulable basis for suspicion. (Letter in Support at *4.) As such, Petitioner argues that he is entitled to the suppression of any statements he made and without said statements DHS lack evidence to support the reinstatement of his final order of removal. (*Id.*) Petitioner fails to cite any statements Petitioner made to immigration officials that he believes should be suppressed. Moreover, the record of Petitioner's past removal orders and immigration forms are evidence to support the reinstatement of Petitioner's final order of removal.

IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order

accompanies this Opinion.


**DATED**: 5/5/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

8